UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SHAHRAM DAVID LAVIAN,

                    Plaintiff,                08-CV-00938  (PAC/GWG)

       -against-

IRA DANIEL TOKAYER, ESQ.

                    Defendants.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## IRA DANIEL TOKAYER, ESQ.'S MOTION TO DISMISS COMPLAINT

Furman Kornfeld & Brennan LLP
Attorneys for Defendant
IRA DANIEL TOKAYER, ESQ.
545 Fifth Avenue, Suite 401
New York, NY  10017
(212) 867-4100
File No. 300.050

Of Counsel:
Andrew S. Kowlowitz

## PRELIMINARY STATEMENT

Defendant Ira Daniel Tokayer, Esq. (hereinafter "Attorney Tokayer") by and through his attorneys, Furman Kornfeld & Brennan LLP, respectfully moves pursuant to Federal Rules of Civil Procedure 12 (b) (6) to dismiss all claims by *pro se* plaintiff, Shahram David Lavian, as set forth in plaintiff's Complaint.

Attorney Tokayer was one of a string of attorneys – at least five in total – to represent plaintiff in connection with a business dispute involving plaintiff's former business partner. The Record presented makes clear that after plaintiff fell into substantial arrears on Attorney Tokayer's legal fees, Attorney Tokayer withdraw as counsel and the parties were ordered to appear before a Special Referee to determine the amount, if any, of legal fees owed.

Plaintiff was represented by counsel at the fee hearing. After a five day hearing, wherein an abundance of documents were introduced into evidence, and several witnesses testified, the Special Referee rejected plaintiff's claims for legal malpractice and awarded Attorney Tokayer a charging lien in the amount of $24,909.56 for legal services, the full amount of outstanding fees and disbursements sought by Attorney Tokayer.

In his comprehensive 10 page decision, the Special Referee found that plaintiff had a proven "track record" of not paying counsel, then accusing them of ineptitude, noting that plaintiff was a "serial non-payer of attorneys." The Special Referee also found plaintiff to be "not credible," and considered and rejected plaintiff's claim for legal malpractice, finding "that the conduct of Tokayer did not fall below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession."

Plaintiff's instant claim for legal malpractice must be dismissed on collateral estoppel grounds as a matter of law since Attorney Tokayer successfully prosecuted a claim for unpaid

1

legal fees arising from the same underlying representation and was awarded the full amount of outstanding fees and costs.

Moreover, plaintiff vaguely alleges that Attorney Tokayer failed to properly represent plaintiff in the defense of a foreclosure proceeding, despite Attorney Tokayer obtaining a dismissal of the foreclosure proceeding on summary judgment and an award of legal fees. The Record makes clear that the foreclosure proceeding was settled on December 2, 2003, more than three (3) years prior to the commencement of the instant legal malpractice. Thus, to the extent that the Court finds the representation arising from the foreclosure proceeding unrelated to the claims previously adjudicated by the Special Referee, plaintiff's malpractice claim is nevertheless time-barred.

Therefore, for the reasons set forth herein, plaintiff's Complaint must be dismissed with prejudice.

## STATEMENT OF FACTS

Attorney Tokayer was retained to represent plaintiff in connection with a dispute involving plaintiff's business partner Soheil Darvish (hereinafter "Darvish"). Attorney Tokayer was the second of a string of attorneys – numbering at least five in total at the time of the fee hearing - to represent plaintiff.

On September 1, 2001, Attorney Tokayer, was retained by plaintiff to oversee and monitor the work of plaintiff's counsel of record, Laufer & Halberstam LLP, in connection with an action captioned "Darvish v. Lavian," filed under index number 9056/2001 in the Kings County Supreme Court. As set forth in the retainer agreement dated September 1, 2001, and confirmed by the Court's docket sheet, Attorney Tokayer was not the attorney of record, rather

the firm of Laufer & Halberstam was. A copy of the retainer agreement dated September 1, 2001 is annexed to the affidavit of Andrew Kowlowitz as Exhibit A. A copy of the docket sheet is annexed to the affidavit of Andrew Kowlowitz as Exhibit B. That action was disposed of in favor of plaintiff through motion practice. Kowlowitz Aff. Ex. B.

In November 2001, plaintiff retained Attorney Tokayer to replace his former counsel, Laufer & Halberstam. Attorney Tokayer filed an action against plaintiff's former partner, Darvish. The action was captioned "Lavian v. Darvish et al.," filed under index number 115301/01 with the New York County Supreme Court. A copy of a letter dated November 19, 2001, confirming the representation, along with a $5,000 retainer check, is annexed to the affidavit of A. Kowlowitz as Exhibit C.

Plaintiff fell into substantial arrears on Attorney Tokayer's invoices towards the end of the attorney-client relationship. In February 2005, Attorney Tokayer moved to be relieved as counsel and requested a charging lien in light of the outstanding fees. On March 1, 2005, Hon. Herman Cahn, J.S.C., New York County Court, heard and granted Attorney Tokayer's application to withdraw as counsel and ordered the parties to appear before a Special Referee to determine the amount, if any, of legal fees owed. A copy of the transcript from the March 1, 2005 hearing is annexed to the affidavit of Andrew Kowlowitz as Exhibit D.

Plaintiff and Attorney Tokayer appeared before Special Referee Howard G. Leventhal, of the New York County Supreme Court, for a five (5) day hearing, on May 23, 2005, July 14, 2005, September 16, 2005, November 16, 2005 and November 21, 2005. Plaintiff was represented by counsel at the hearing. Plaintiff was initially represented by Smith & Associates at the hearing, however, plaintiff terminated his relationship with Smith & Associates midway through the hearing and then retained Irena Milos, Esq., who proceeded with the representation.

3

Special Referee Leventhal heard testimony from several witnesses and considered a lengthy record, which consisted of, among other things, pleadings, transcripts, retainer agreements, correspondence, billing invoices and time sheets.

On April 16, 2007, Special Referee Leventhal issued a comprehensive 10 page Referee's Report, rejecting plaintiff's claims for legal malpractice and awarding Attorney Tokayer a $24,909.56 charging lien for legal services. Special Referee Leventhal's Report is annexed to the Affidavit of Andrew Kowlowitz as Exhibit E. Special Referee Leventhal found that plaintiff was one of five attorneys to represent plaintiff in connection with his claims against Darvish, and that Attorney Tokayer's description of plaintiff as a "serial non-payer of attorneys [was] apt." The Special Referee also found that plaintiff was "not credible" and had engaged in a common scheme of paying his counsel a small retainer fee, falling behind on payment, then claiming malpractice. In fact, the Special Referee heard evidence that plaintiff owed Barry Feerst, Esq., plaintiff's counsel in a companion case, $50,000. Kowlowitz Aff., Ex. E, pg. 3.

Special Referee Leventhal also considered and rejected plaintiff's claims against Attorney Tokayer for legal malpractice:

> "To the extent that Lavian complains that his counsel failed to defend him zealously, there is no merit to that contention." "I found Tokayer's testimony to be credible. I found Lavian's testimony not to be credible." "Based upon the credible evidence, I find the conduct of Tokayer did not fall 'below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession.'" Kowlowitz Aff. Ex. E, pg. 7.

Special Referee Leventhal also noted that Attorney Tokayer's representation of plaintiff included, among other things: meeting, preparing and attending plaintiff's three day deposition; preparing for and conducting the two day deposition of Darvish; preparing motions and opposing Darvish's motion to dismiss; and attending court conferences. Kowlowitz Aff. Ex. E, pgs. 5, 6.

On April 19, 2007, Attorney Tokayer filed an application with Justice Cahn to confirm the Referee Report. The parties await Justice Cahn's ruling.

On January 28, 2008, plaintiff, proceeding *pro se*, commenced the instant legal malpractice claim against Attorney Tokayer. Special Referee Leventhal already considered and rejected these identical claims of legal malpractice. Plaintiff alleges Attorney Tokayer was negligent in his handling of plaintiff's case, in that Attorney Tokayer "failed to properly conduct discovery and take depositions." Plaintiff also alleges Attorney Tokayer generally "neglected his obligations" and "made decisions that were counterproductive to [plaintiff's] interests." Plaintiff concedes that all the underlying actions enumerated in his complaint are related. Compl. Statement of Claim and Addendum.

Therein, plaintiff inaccurately states that Attorney Tokayer represented him connection with an action captioned, "Darvish v. Haslacha," filed under index number 123089/2001 with the New York County Supreme Court. Compl. Statement of Claim Addendum. The docket sheet confirms that Barry Feerst, Esq. and Joseph & Smargiassi, LLC were the only attorneys to represent plaintiff in connection with the matter. A copy of the docket sheet evincing same is annexed to the affidavit of Andrew Kowlowitz as Exhibit F.

Additionally, plaintiff also alleged that Attorney Tokayer failed to properly defend him in connection with a "frivolous property foreclosure action" titled "City of New York v. Haslacha," Index number 105946/0[2] [*sic*]" (hereinafter referred to as "Foreclosure Action"). Compl. Statement of Claim Addendum. The Foreclosure Action was dismissed pursuant to Attorney Tokayer's meritorious motion for summary judgment. Attorney Tokayer was also successful in obtaining an award of attorney fees for plaintiff. As reflected in the docket sheet, the plaintiff settled the claim for attorney fees on December 2, 2003, more than three (3) years prior to the

commencement of the instant legal malpractice.  A copy of the docket sheet pertaining to the Foreclosure Action is annexed to the Affidavit of Andrew Kowlowitz as Exhibit G.

Attorney Tokayer now moves to dismiss the Complaint with prejudice on grounds that the doctrine of collateral estoppel prohibits plaintiff from proceeding with his claim for legal malpractice since Attorney Tokayer successfully prosecuted a claim for unpaid legal fees arising from the same underlying representation and was awarded $24,909.56, the entire amount of outstanding legal fees and disbursements owed.

Moreover, to the extent that this Court considers the Foreclosure Action unrelated to the claims for legal malpractice previously adjudicated by Special Referee Leventhal, Attorney Tokayer respectfully requests that the Court dismiss those claims with prejudice on grounds that they are time-barred.  The instant action was commenced more than three (3) years after the conclusion of the Foreclosure Action, on December 2, 2003.

## STANDARD OF REVIEW

The dismissal of a complaint is warranted under Fed. R. Civ. P. 12(b)(6), where it is beyond doubt that the plaintiff cannot prove any set of facts which would entitle it to relief, even accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.  See Sniado v. Bank Austria AG, 174 F. Supp. 2d 159, 162 (S.D.N.Y. 2001) (citing Jaghory v. New York State Dep't of Ed., 131 F.3d 326, 329 (2d Cir. 1997)); Leemon v. Burns, 175 F. Supp.2d 551, 553-54 (S.D.N.Y. 2001) (dismissing complaint for failure to state a cause of action).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Davis v. County of Nassau, 355 F. Supp. 2d 668, 673 (E.D.N.Y. 2005) (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d

236, 240 (2d Cir. 2002)); <u>Atkins v. County of Orange</u>, 251 F. Supp. 2d 1225, 1230 (S.D.N.Y. 2003).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, (on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation)." <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 -65 (2007) (internal citations omitted). <u>See also</u> <u>Lazer Elec. Corp. v. Cecchi</u>, 1997 WL 311925 (S.D.N.Y. 2007) (dismissing a legal malpractice claim pursuant to a Rule 12(b) (6) motion to dismiss on collateral estoppel grounds).

## ARGUMENT

### POINT I

### THE DOCTRINE OF COLLATERAL ESTOPPEL PROHIBITS PLAINTIFF FROM RELITIGATING HIS CLAIMS FOR LEGAL MALPRACTICE

The doctrine of collateral estoppel prohibits plaintiff from proceeding with his claim for legal malpractice and negligence and, therefore, the Complaint should be dismissed. Defendant Tokayer successfully prosecuted a claim for unpaid legal fees arising from the same underlying representation and was awarded the sum of $24,909.56.

It is well settled that a legal malpractice action is barred by the successful prosecution of a prior action to recover fees for the same legal services that the plaintiff alleges were negligently performed. <u>See</u> <u>Afsharimehr v. Barer</u>, 303 A.D.2d 432, 755 N.Y.S.2d 888 (2d Dept. 2003); <u>Wallenstein v. Cohen</u>, 45 A.D.3d 674, 845 N.Y.S.2d 428 (2d Dept. 2007). <u>See also</u> <u>Pirog v.</u>

Ingber, 203 A.D.2d 348, 609 N.Y.S.2d 675 (2d Dept. 1994) finding that "[t]he appellants' legal malpractice claim is barred by the defendants' successful prosecution a prior action to recover fees for the same legal services which the appellants presently allege were negligent." Id at 348.

In Wallenstein v. Cohen, 45 A.D.3d 674, 845 N.Y.S.2d 428 (2d Dept. 2007) the Appellate Division, Second Department found that a complaint for legal malpractice should have been dismissed by the lower courts. In Wallenstein, a panel of arbitrators previously awarded the defendant-attorneys a "substantial portion" of their fees in connection with a fee action. The Court found the "determination fixing the value of the defendants' services necessarily determined there was no malpractice." Id at 675. Accordingly, plaintiff was collaterally stopped from proceeding with a subsequent legal malpractice claim.

Similarly, plaintiff's claim for legal malpractice is also barred pursuant to the doctrine of collateral estoppel, as Attorney Tokayer successfully prosecuted a claim for unpaid legal fees arising from the same underlying representation before Special Referee Leventhal.

The legal malpractice claims at issue in the instant Complaint are the same claims previously adjudicated before Special Referee Leventhal in connection with Attorney Tokayer's fee action seeking a charging lien for legal fees owed. Plaintiff acknowledges in his Complaint that Attorney Tokayer previously represented him connection with a series of "related" actions involving a dispute with his former partner, Darvish. Plaintiff alleges that "from about 2001 or 2002 to about March 2005 I had hired Mr. Tokayer for a number of different cases. The cases were related." Compl. Statement of Claim Addendum. As set forth above, Special Referee Leventhal's Report confirms that the attorney fee dispute arose from the representation provided

by Attorney Tokayer with respect to his representation of plaintiff in connection with his claims against Darvish.[1] Kowlowitz Aff. Ex. E, pg. 3.

During the course of the lengthy fee hearing, which lasted five (5) days, the parties introduced an abundance of documents into evidence and several witnesses testified. Plaintiff was also represented by counsel throughout. Kowlowitz Aff., Ex. E. Plaintiff opposed Attorney Tokayer's application for a charging lien on grounds that Attorney Tokayer was negligent in the performance of his duties. Kowlowitz Aff. Ex. E., pg. 7.

On April 16, 2007, Special Referee Leventhal issued a 10 page Referee's Report, which rejected plaintiff's claim for legal malpractice, and awarded Defendant Tokayer a $24,909.56 charging lien for legal services, the full amount of outstanding legal fees and disbursements. Kowlowitz Aff. Ex. E, pgs. 1 -9.

Since Attorney Tokayer successfully prosecuted a claim for unpaid legal fees arising from the very same underlying representation at issue in the Complaint, and was awarded $24,909.56, the doctrine of collateral estoppel prohibits plaintiff from proceeding with his claim for legal malpractice and negligence. Therefore, the Complaint must be dismissed with prejudice. See Wallenstein, supra.

## POINT II

## PLAINTIFF'S CLAIM FOR LEGAL MALPRACTICE ARISING FROM THE FORECLOSURE ACTION IS TIME-BARRED

To the extent that this Court considers the Foreclosure Action unrelated to the claims for legal malpractice previously adjudicated by Special Referee Leventhal, any claims arising from

---

[1] Although related, the Record reflects that Attorney Tokayer never represented plaintiff in connection with the action captioned Darvish v. Haslacha," filed under index number 123089/2001 with the New York County Supreme Court. The docket sheet confirms that Barry Feerst, Esq. and Joseph & Smargiassi, LLC were the only attorneys to represent plaintiff in connection with the matter. Kowlowitz Aff. Ex. F.

the representation Attorney Tokayer provided in connection with the Foreclosure Act are subject to dismissal on statute of limitations grounds.

Legal malpractice claims must be filed within three years of the accrual of damages on the part of the client.  CPLR §214 [6].  An action to recover damages for legal malpractice accrues on the date that the alleged malpractice is committed.  See Shumsky v. Eisenstein, 96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001); Glamm v. Allen, 57 N.Y.2d 87, 93, 453 N.Y.S.2d 674 (1982); Shivers v. Siegel, 11 A.D.3d 447, 782 N.Y.S.2d 758 (2d Dept. 2004).  Under New York law, a plaintiff's cause of action for legal malpractice, along with any damages alleged, accrues at the time the malpractice occurs, not from when the malpractice is discovered.  See Shivers infra.  The New York courts have held that there is absolutely no exception to measuring the accrual date from the date of the injury caused by an attorney's malpractice.  McCoy v. Feinman, 99 N.Y.2d 295, 301, 755 N.Y.S.2d 693 (2002); see also Shumsky v. Eisenstein, 96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001); Sommers v. Cohen, 14 A.D.3d 691, 790 N.Y.S.2d 141 (2d Dept. 2005).

The docket sheet pertaining to the Foreclosure Action demonstrates that the matter was settled on December 2, 2003.  Kowlowitz Aff. Ex. G.  The instant Complaint was subsequently filed on January 28, 2008, more than three (3) years later.  Therefore, the instant legal malpractice claim arising from the representation previously provided in connection with the Foreclosure Action – to the extent the Court finds it is unrelated to the claims previously adjudicated by Special Referee Leventhal - is time-barred and must be dismissed as a matter of law.  Claims made outside the limitations period provided by the CPLR must be dismissed on the pleadings.  See Shumsky, supra.

## CONCLUSION

WHEREFORE, it is respectfully requested that on the facts, the law and for all the reasons set forth herein, that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the plaintiff's Complaint in its entirety with prejudice against Attorney Toyaker and for such other relief as this Court deems just and proper.

Dated: New York, New York
      July 25, 2008

                                 FURMAN KORNFELD & BRENNAN LLP

By:    Andrew S. Kowlowitz
           Attorneys for Defendant
           Ira Daniel Tokayer
           545 Fifth Avenue, Suite 401
           New York, New York 10017
           Telephone No.: (212) 867-4100
           FKB File No.: 300.050