UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SHAHRAM DAVID LAVIAN,

                              Plaintiff,                          08-CV-00938  (PAC/GWG)

         -against-                                               AFFIDAVIT OF
                                                                 ANDREW S.
                                                                 KOWLOWITZ, ESQ.

IRA DANIEL TOKAYER, ESQ.

                              Defendants.
-------------------------------------------------------------X

1.    I am associated with of the law firm of FURMAN KORNFELD &
BRENNAN LLP, attorneys for the defendant IRA DANIEL TOKAYER, ESQ. in the
above-captioned matter, and am fully familiar with the facts and circumstances therein.

2.    This Affirmation is submitted in support of the instant motion on behalf of
the defendant for an Order pursuant to Federal Rules of Civil Procedure 12 (b) (6)
dismissing all claims by *pro se* plaintiff, Shahram David Lavian, as set forth in plaintiff's
Complaint.

3.    Annexed hereto as Exhibit "A" is a true and accurate copy of the retainer
agreement dated September 1, 2001.

4.    Annexed hereto as Exhibit "B" is a true and accurate copy of the docket
sheet for the action captioned, "Darvish v. Lavian," filed under index number 9056/2001
in the Kings County Supreme Court.

5.    Annexed hereto as Exhibit "C" is a true and accurate copy of a letter dated
November 19, 2001, along with a $5,000 retainer check.

6.    Annexed hereto as Exhibit "D" is a true and accurate copy of the transcript from the March 1, 2005 hearing.

7.    Annexed hereto as Exhibit "E" is a true and accurate copy of Special Referee Leventhal's Report.

8.    Annexed hereto as Exhibit "F" is a true and accurate copy of the docket sheet for the action captioned, "Darvish v. Haslacha," filed under index number 123089/2001 with the New York County Supreme Court.

9.    Annexed hereto as Exhibit "G" is a true and accurate copy of the docket sheet for the action captioned, "City of New York v. Haslacha," Index number 105946/02 with the New York County Supreme Court.

Andrew S. Kowlowitz

Sworn to before me this 25th
day of July, 2008

LYNN M. DUKETTE
NOTARY PUBLIC, State of New York
No. 02DU6145460
Qualified in Westchester County
Commission Expires 05/08/20 /0

2

# EXHIBIT A

IRA DANIEL TOKAYER
ATTORNEY AT LAW
1114 AVENUE OF THE AMERICAS
26TH FLOOR
NEW YORK, NEW YORK 10036

TEL: (212) 302-5350
FAX: (212) 302-5393

August 30, 2001

Mr. David Lavian
208 East 51 Street
Suite 174
New York, NY 10022

Re: Legal Representation

Dear David:

This will confirm that you have asked me to review the papers in an action pending in the Supreme Court of New York, County of Kings, entitled Darvish v. Lavian, et al. I will be coordinating with your attorneys of record in that matter, Laufer & Halberstam LLP, and you have not asked me to enter an appearance or take over the representation of the defendants in that action.

You agree to pay a fee based on my customary rate of $230 an hour. In addition, you agree to pay all out-of-pocket expenses which may be incurred.

If the above is acceptable, please sign this letter in the space provided below. I acknowledge receipt of a $1,000 retainer.

Very truly yours,

Ira Daniel Tokayer

UNDERSTOOD AND AGREED:

David Lavian

**EXHIBIT B**



# New York State Unified Court Syste



## *WebCivil Supreme - Motion Detail*

| | | |
|---|---|---|
| Court: | **Kings Civil Supreme** | |
| Index Number: | **009056/2001** | |
| Case Name: | **DARVISH,SOHEIL vs. LAVIAN,SHAHRAM** | |
| Case Type: | **Other** | |
| Track: | **Standard** | |

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Submit Date | Answer Demanded | Status | Decisio |
|---|---|---|---|---|---|---|---|
| 003 | | PLAINT | Reargument/Reconsideration | | No | Decided: 23-JAN-02 DENIED SHORT FORM ORDER Before Justice: HELD | Memo |
| 002 | 07/16/2001 | PLAINT | Preliminary Injunction | | No | Decided: 13-SEP-01 DENIED SHORT FORM ORDER Before Justice: HELD | Memo |
| 001 | 05/25/2001 | DEF | Dismissal | | No | Decided: 13-SEP-01 CASE DISPOSED Before Justice: HELD | Memo |

Close



# New York State Unified Court System



## *WebCivil Supreme - Case Detail*

| | |
|---|---|
| Court: | **Kings Civil Supreme** |
| Index Number: | **009056/2001** |
| Case Name: | **DARVISH,SOHEIL vs. LAVIAN,SHAHRAM** |
| Case Type: | **Other** |
| Track: | **Standard** |
| Upstate RJI Number: | |
| Disposition Date: | **09/13/2001** |
| Date NOI Due: | |
| NOI Filed: | |
| Disposition Deadline: | |
| Calendar Number: | |
| RJI Filed: | **05/23/2001** |
| Jury Status: | |
| Justice Name: | **GERALD S. HELD** |

Attorney/Firm For Plaintiff:

**LAUFER & HALBERSTAM**     Attorney Type: **Attorney Of Record**     Status: **Active**
**39 BROADWAY, 14TH FL.**
**NEW YORK, NEW YORK 10013**
**212-422-8500**

Attorney/Firm For Defendant:

**JERRY I. LEFKOWITZ**     Attorney Type: **Attorney Of Record**     Status: **Active**
**3000 MARCUS AVE. SUITE 1W7**
**LAKE SUCCESS, NY 11042**
**516 352-4300**

[ Close ]  [ Show All Appearances ]  [ Show Motions ]  [ Show Decisions ]  [ Add to eTrac ]

**EXHIBIT C**

PX 20 in evid

### IRA DANIEL TOKAYER
ATTORNEY AT LAW
1114 AVENUE OF THE AMERICAS
26TH FLOOR
NEW YORK, NEW YORK 10036

TEL: (212) 302-5366
FAX: (212) 302-5393

November 19, 2001

BY FAX: (310) 858-3896
Mr. David Lavian
208 East 51 Street
Suite 174
New York, NY  10022

Re: Legal Representation

Dear David:

This will confirm that you have retained my services to prepare a Complaint against your former partner and others.

You agree to pay a fee based on my customary rate of $230 an hour.  In addition, you agree to pay all out-of-pocket expenses which may be incurred.  I acknowledge receipt of your retainer of $5,000.

If the above is acceptable, please sign this letter in the space provided below.

Very truly yours,

Ira Daniel Tokayer

UNDERSTOOD AND AGREED:

_____
David Lavian

C:\My Documents\Corel User Files\9\retention ltr lavian 02.wpd

HASLACHA, INC.
208 E. 51ST ST., #174
NEW YORK, NY 10022

$\frac{1-2}{210}$451

1195

DATE _Nov/ 10/ 8_

PAY TO THE
ORDER OF _Ira Tokayer._ | $5000/—

_fin thent dalar_ DOLLARS

CHASE
The Chase Manhattan Bank
71-41 Main Street
Flushing, NY 11367

MEMO _Legal_

⑆021000021⑆4515016231365⑈ 1195

# EXHIBIT D

F x 4

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _Cahn_____     PART 49n

_____Justice_____

Dariel Shahram Lavian                    INDEX NO. 115301/01

                                         MOTION DATE _____

- v -                                    MOTION SEQ. NO. 006

Soheil Arush Et Al                       MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... |  |
| Answering Affidavits — Exhibits _____ |  |
| Replying Affidavits _____ |  |

Cross-Motion: ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion _IS GRANTED_

So ordered

FILED

MAR - 1 2005

NEW YORK
COUNTY CLERK'S OFFICE

NYS SUP...
RE...
MAR 1 8 REC'D
IAS ...TION
SUPP... OFFICE

ReT 4
EVD
5-23-05 dd

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE

Dated: MAR 1 2005                    _____
                                              J.S.C.

Check one: ☐ FINAL DISPOSITION    ☑ NON-FINAL DISPOSITION

```
 1

 2      SUPREME COURT OF THE STATE OF NEW YORK

 3      COUNTY OF NEW YORK : I.A.S. PART 49

 4      ---------------------------------------------x
        IN THE MATTER OF THE APPLICATION OF
 5      SOHEIL DARVISH, HOLDER OF ONE-HALF OF
        ALL OUTSTANDING SHARES ENTITLED TO VOTE
 6      IN AN ELLECTION OF DIRECTORS OF HASLACHA,
        INC., URBAN HOMES, INC., AND PRIMARY
 7      RESIDENCE, INC.,

 8                              Petitioner,

 9      FOR THE DISSOLUTION OF HASLACHA,
        INC., URBAN, INC.,  AND PRIMARY.
10      RESIDENCE, INC., DOMESTIC CORPORATIONS,
        PURSUANT TO SECTION 1104 OF THE BCL
11
        ---------------------------------------------x
12      Index No. 115301/01

13                                  March 1, 2005
                                    60 Centre Street
14                                  New York, New York 10007

        B E F O R E : HON. HERMAN CAHN,  Justice.
15
        A P P E A R A N C E S :
16
            PERRY DEAN FREEDMAN, ESQ.,
17              Attorney for Petitioner
                71 Smith Avenue
18              New York, New York  10549

19          LAW OFFICES OF BARRY R. FEERST & ASSOCS.,
                Attorney for Mr. Haslacha
20              236 Broadway
                New York, New York  11211
21          BY:  BARRY R. FEERST, ESQ. of Counsel.

22          IRA DANIEL TOKAYER, ESQ.,
                1333 Broadway
23              New York, New York  10018

24                          ***

25
                                Heyward C. Davis,
26                          Official Court Reporter
```

NYS SUPREME COURT
RECEIVED

MAR 1 8 REC'D

I.A.S. MOTION
SUPPORT OFFICE

# IRA DANIEL TOKAYER, ESQ.

1333 BROADWAY

Suite 905

NEW YORK, N.Y. 10018

---

(212) 695-5250 (Phone)

(212) 695-5450 (Telecopier)

## TRANSMITTAL COVER SHEET

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DATE:        March 18, 2005 TIME:        11:30 am

PAGES (INCLUDING THIS SHEET): 9

TO:   (FAX#)    212.401.9186

      (NAME)    Ms. Claire Carucci

      (FIRM)    Special Referee Clerk

FROM:          Ira Tokayer, Esq.

REF:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MESSAGE:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THE INFORMATION TRANSMITTED BY THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS TRANSMITTAL IN ERROR, AND THAT
ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TELECOPY IS STRICTLY PROHIBITED.  IF YOU
HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ADDRESS ABOVE VIA THE UNITED STATES POSTAL SERVICE.  THANK YOU.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     IF YOU DO NOT RECEIVE ALL PAGES, CALL (212) 695-5250.

IRA DANIEL TOKAYER
ATTORNEY AT LAW
1333 BROADWAY
SUITE 905
NEW YORK, NEW YORK 10018

TEL: (212) 695-5250
FAX: (212) 695-5450

March 18, 2005

BY FAX: (212) 401-9186
Ms. Claire Carucci
Special Referee Part
Supreme Court of the State of New York
Count of New York
60 Centre Street
New York, New York 10007

Re:    Lavian v. Darvish,
       Index No. 115301/2001

Dear Ms. Carucci:

I have enclosed the Transcript of Justice Cahn's ruling referring the issue of counsel's retaining lien to a Special Referee to hear and report. The individual to be served is David Lavian, whose address is 208 East 51 Street, Suite 174, New York, NY 10022.

Very truly yours,

Ira Daniel Tokayer

Encl.

Referee Clerk ltr 01.wpd

2

1                                  Proceedings

2                 THE COURT:  Good morning, counsel.  I'm now

3        dealing first with the simplest motion here, in many

4        ways.  And that is the motion in the case entitled

5        David Shaharam, Haslacha, et al against Soheil Darvish,

6        et cetera, index number 115301 of 2001.  This is a

7        motion by Mr. Tokayer.

8                 MR. TOKAYER:  Yes.

9                 THE COURT:  To withdraw.  Let's stop before

10       we go further.  Let's talk about this motion.

11                Do you want to withdraw?

12                MR. TOKAYER:  Yes, your Honor.

13                THE COURT:  Tell us who you are.

14                MR. TOKAYER:  My name is Ira Tokayer.

15                THE COURT:  You want to withdraw?

16                MR. TOKAYER:  I'm the movant.  I want to

17       withdraw and also fix, I retain a charging lien.

18                THE COURT:  Anybody have any objection to his

19       withdrawing?

20                MR. FREEDMAN:  No, your Honor.

21                THE COURT:  Who do you represent?

22                MR. FREEDMAN:  I represent Mr. Darvish.  My

23       name is Perry Freedman.

24                MR. FEERST:  Barry Feerst, representing

25       Haslacha in a related case.

26                THE COURT:  Then you're not in this case.

3

| | |
|---|---|
| 1 | Proceedings |
| 2 | MR. FREEDMAN: By way your Honor, the other |
| 3 | party in this case, the other attorney is Lynn Forman |
| 4 | for Mr. Klein in Mr. Tokayer's case, and he was here, |
| 5 | he's not needed for this motion. |
| 6 | THE COURT: Right. |
| 7 | MR. FREEDMAN: I just want to note that. |
| 8 | THE COURT: Mr. Tokayer, has your client |
| 9 | responded to this motion to the best of your knowledge, |
| 10 | in any way? |
| 11 | MR. TOKAYER: Your Honor, neither orally nor |
| 12 | in writing. |
| 13 | THE COURT: Has your client indicated to you |
| 14 | or has anybody else indicated to you that your client |
| 15 | has consulted and possibly retained other counsel? |
| 16 | MR. TOKAYER: Yes, this morning Mr. Feerst |
| 17 | has advised me that Mr. Haslacha wishes to substitute |
| 18 | Mr. Feerst for me in that case. |
| 19 | THE COURT: Mr. Feerst, are you going to be |
| 20 | taking over for Mr. Tokayer in that case? |
| 21 | MR. FEERST: Yes, sir. |
| 22 | THE COURT: Okay. |
| 23 | THE COURT: Is there any problem with that? |
| 24 | MR. FREEDMAN: No, your Honor. |
| 25 | THE COURT: Okay. What about the issue that |
| 26 | Mr. Tokayer raises of a lien? |

4

Proceedings

1

2      MR. FEERST:  I'm not comfortable dealing with

3  an attorney who is asserting a fee.  But as I

4  understand, the appropriate remedy is if they can't

5  resolve it, I advised Mr. Haslacha, do whatever is

6  necessary to resolve it.  A hearing needs to be held to

7  determine.

8      THE COURT:  That's what I'm going to do.

9      MR. FEERST:  That would be a date he has to

10  be here and deal with it.

11      THE COURT:  Can you continue with this action

12  while his --  Well, there is no reason why we can't

13  continue with this action.  And we'll assume that you

14  have a lien until a referee sets the amount or decides

15  whether or not you do have a lien on the proceeds.

16      MR. TOKAYER:  There hasn't been any

17  opposition, obviously, to the motion.

18      THE COURT:  All right.

19      MR. FEERST:  And I would like to submit the

20  affirmation of service.

21      THE COURT:  Fine.

22      MR. FEERST:  Relate to do that.  I can

23  continue up to a point.  If he has the file, I'm not

24  going to fight with a lawyer over the file.  The

25  applicable law, as I understand it, that he's entitled

26  to maintain or obtain or keep a retaining lien on the

5

1                              Proceedings

2       documents furnished to counsel by the litigant.  But.

3       If --

4                      THE COURT:  Yes, you're right.

5                      MR. FEERST:  If documents came into his hands

6       through discovery, non-party witness.

7                      THE COURT:  I think there is no doubt you'll

8       get those documents.

9                      I think you'll cooperate with him, won't you,

10      Mr. Tokayer?

11                     MR. TOKAYER:  I do have a retaining lien

12      which tends to assert --

13                     THE COURT:  But that's as to the documents

14      given to you by your client, and as to the proceeds of

15      the case.

16                     MR. TOKAYER:  I will do whatever is required

17      of me under the law.  I will assert all rights I have

18      unders the law.

19                     THE COURT:  On this motion, motion is

20      granted.

21                     To the extent that outgoing attorney asserts

22      a retaining lien, the issue of whether or not he has

23      such a lien, and if so, the amount thereof is

24      respectfully referred to a special referee to hear and

25      report.

26                     Counsel is directed to serve a copy of the

6

Proceedings

1

2   transcript herein on the Office Of The Special Referee

3   in order to schedule a date for the hearing.

4        I'm specifically not imposing a 30 day stay

5   because I was advised that the plaintiff effectively

6   has another attorney and therefore there is at this

7   moment no need for a stay.  If it turns out that the

8   new attorney can not continue without some documents

9   that the outgoing attorney has, either we'll require

10   the outgoing attorney to let you make copies of those

11   new documents, or copies of those documents or handle

12   it some other way.  We'll see.  Thank you.

13        MR. TOKAYER:  Your Honor, I think you may

14   have misspoke, I think you referred to a retaining

15   lien, what I'm actually seeking in this motion is a

16   charging lien.

17        THE COURT:  Make it a charging lien instead

18   of a retaining lien.  Thank you.

19        MR. TOKAYER:  May I be excused?

20        THE COURT:  Just one minute.

21        MR. FREEDMAN:  My name is Perry Freedman, I

22   represent petitioner in the dissolution proceeding,

23   Darvish, and Mr. Darvish as a defendant in the

24   derivative proceeding.

25        THE COURT:  So, these do not require, three

26   other motions don't require Mr. Tokayer's presence?

7

```
1                           Proceedings

2              MR. FREEDMAN:  He's no longer --

3              THE COURT:  I'm saying, he's not involved.

4              MR. FREEDMAN:  No, not anymore.

5              THE COURT:  Thank you.

6                  MR. FEERST:  The only issue is I, is that I

7         haven't seen the moving papers.

8              THE COURT:  We'll deal with that in a minute

9              Mr. Tokayer, it has been a pleasure.

10             MR. TOKAYER:  Thank you, your Honor.

11             THE COURT:  Thank you.

12

13

14                           * * *

15

16        CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE

17        ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS

18        PROCEEDING.

19

20

21                           Heyward C. Davis,
                             Official Court Reporter
22

23

24

25

26
```

**EXHIBIT E**

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HOWARD G. LEVENTHAL
SPECIAL REFEREE                    PART 83R

Index Number : 115301/2001

LAVIAN, SHAHRAM

vs

DARVISH, SOHEIL

Sequence Number : 007

HEAR AND REPORT

INDEX NO.        115301/2001

MOTION DATE      _____

MOTION SEQ. NO.  _____

MOTION CAL. NO.  _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits | _____ |
| Replying Affidavits | _____ |

Cross-Motion: ☐ Yes  ☑ No

Upon the foregoing papers, it is ordered that this ~~motion~~ reference is disposed of in accordance with accompanying Referee's Report. Counsel are directed to make an appropriate motion pursuant to CPLR 4403.

FILED
APR 16 2007
NEW YORK
COUNTY CLERK'S OFFICE

Enter:

Dated: APR 1 6 2007

HOWARD G. LEVENTHAL
SPECIAL REFEREE

Check one:  ☐ FINAL DISPOSITION  ☑ NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST       ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 83R
------------------------------------------------------------X
DAVID SHARAM LAVIAN, suing derivatively on
behalf of N.Y.B.K. DEVELOPMENT, INC.,
GLAMROUS HOMES, INC., URBAN HOMES, INC.,
and PRIMARY RESIDENCE, INC.,

                                             **REFEREE'S REPORT**

                        Plaintiff(s),                       Index No. 115301/01

           -  against –

SOHEIL DARVISH, NILOOFAR DARVISH,
and MARVIN KLEIN,

                        **Defendant(s)**

**FILED**

**APR 16 2007**

**NEW YORK**
**COUNTY CLERK'S OFFICE**

      By decision and order of the Hon. Herman Cahn, Part 49, dated March 1, 2005,

the issue of whether petitioner, Ira Tokayer, Esq. ("Tokayer"), the outgoing attorney for

plaintiff-respondent, David Sharam Lavian ("Lavian") has a charging lien, and, if so, the

amount thereof, was assigned to a Special Referee to hear and report with recommendations.

      The matter came before the undersigned Special Referee on May 11, 2005. Hearings were

conducted on the following dates: May 23, 2005, July 14, 2005, September 16, 2005, November

16, 2005, and November 21, 2005. Both sides submitted post-hearing memoranda.

      The parties were represented as follows:

For Petitioner (Tokayer):

Ira Daniel Tokayer, Esq.
1333 Broadway, Suite 905
New York, NY 10018

Tel. No. 212-695-5250
e-mail: imtoke@mindspring.com

For Respondent (Lavian):

E. David Smith, Esq.
Eliezer Drew, Esq.
Smith & Associates
551 Fifth Avenue, Suite 1601
New York, NY 10176

212-661-7010
Edrew@edslaw.net

Ironically, because of the derivative nature of this action, Lavian may actually be entitled to be reimbursed for the very fees he has failed to pay.

The action was of prime and singular significance to Lavian. It involved the surreptitious looting of Lavian's companies over a period of years by his former childhood friend, with the complicity of their accountant. The case raises difficult and complex questions relating to conversion, waste of corporate assets, diversion of corporate opportunities, mismanagement, breach of duty and accountants' liability (See Ex. 2..

Tokayer was neither the first nor the last attorney to represent Lavian. Pursuant to a Consent to Change Attorney dated June 20, 2002 (Ex. 3), Tokayer replaced Lavian's prior attorney, Michael Halberstam, Esq. of Laufer & Halberstam LLP.  Barry Feerst, Esq., was substituted for Tokayer (Exs. 4 and 17). Feerst, in turn, was replaced by Smith & Associates, which, as previously noted, was replaced by Ms. Milos. Smith testified that Feerst was owed $50,000 by Lavian. I permitted such evidence to show a common scheme by Lavian to pay a small retainer to his lawyers, have them represent him, then stop paying bills and accuse them of ineptitude. As a general rule of evidence, applicable in both civil and criminal cases, evidence of other similar acts will be admitted to establish: (1) motive; (2) intent; (3) absence of mistake or accident; (4) common scheme or plan; or (5) identity (see Matter of Brandon, 55 NY2d 206, 211 [1982]; People v Molineux, 168 NY 264, 293 [1901]). Tokayer's description of Lavian as a "serial non-payer of attorneys" ( Reply at 2) is apt.

Tokayer was retained by Lavian to represent him in two derivative actions involving corporations in which he was a shareholder. On September 1, 2001, Lavian signed a written retainer agreement with Tokayer (Ex. 19), agreeing to pay the latter's customary rate of $230 per

3

hour, plus all out-of-pocket expenses. Lavian paid a $1,000 retainer. Although Lavian, in his

post-hearing brief, asserts that "Tokayer was representing the interests of the above-captioned

four corporations and not me personally, nor did he represent me personally" (Br. at 1), there is

no merit to this contention. On November 19, 2001, Tokayer sent another retainer agreement to

Lavian, confirming that Lavian had retained Tokayer's services to prepare a Complaint against

his former partners; and Lavian again agreed to pay Tokayer's customary rate of $230 per hour,

plus all out-of-pocket expenses (Ex. 20). Lavian paid a retainer of $5,000.

The retainer agreements were addressed to and signed by David Lavian, not in any

representative capacity, thus making him personally liable (Nico Constr. Co., Inc. v Dorn, 214

AD2d 355 [1st Dept 1995]). Indeed, the retainer agreement states that "*you* have asked me to

review the papers...", and "*you* agree to pay a fee ...", and "*you* have not asked me to enter an

appearance or take over the representation of the defendants..." (Emphasis added).

Tokayer seeks to establish a charging lien against Lavian in the sum of **$24,909.56**, plus

interest. This amount is substantiated by Tokayer's contemporaneous billing records (Ex. 5).

An assessment of the reasonableness of an attorney's fees can be determined after

consideration of such factors as the difficulty of the issues and the skill required to resolve them;

the lawyers' experience, ability and reputation; the time and labor required; the amount involved

and benefit resulting to the client from the services; the contingency or certainty of compensation;

the results obtained and the responsibility involved (Matter of Freeman, 34 NY2d 1, 9

[1974];Morgan & Finnegan v. Howe Chemical Co., Inc., 210 AD2d 62 [1st Dept. 1994]). The

court itself is considered an expert to determine the reasonable value of an attorney's services and

may properly consider its own knowledge and experience concerning reasonable and proper fees

4

and, in light of such knowledge and experience, may form an independent judgment from the facts and evidence as to the nature of services rendered, and make an appraisal of such services and determine the reasonable value thereof (see, McAvoy v Harron, 26 AD2d 452, 454 [4th Dept. 1966] affd 21 NY2d 821 [1968]). I find that the $230 per hour rate agreed to in the Retainer Agreement is fair and reasonable compensation in the Supreme Court, New York County, for an attorney of experience, particularly for a protracted and bitterly and fiercely contested litigation such as the case at bar.

Here, counsel's employment was pursuant to an express written agreement. Indeed, for over three years, Lavian paid in accordance with that agreement. (Ex. 5, 32 and EE.) The balance of fees and disbursements due, as of March 1, 2005, total $24,909.56. They cover services performed during the period August 1, 2004 through March 1, 2005, and include but are not limited to the following:

- meeting with Lavian and reviewing documents in preparation for his deposition;

- attending three days of Lavian's deposition and defending him thereat;

- preparing for the deposition of defendant Soheil Darvish ("Darvish"), including reviewing documents and attending numerous meetings with Lavian in connection therewith;

- conducting the deposition of Darvish for two full days;

- reviewing the transcript of the Darvish deposition and preparing an order to show cause, inter alia, seeking the production of computer files identified in response to my questioning at the deposition, the existence of which was previously denied by defendants. The motion was brought on an emergency basis and contained a TRO to prevent the destruction of that evidence;

- preparing "reply papers" with respect to the above motion;

- responding in writing to applications to Justice Cahn concerning Lavian's behavior at the Darvish deposition;

5

- drafting an application to Referee Solomkin, as directed by the Court, seeking rulings concerning defendants' counsel's objections at the Darvish deposition;

- preparing papers in opposition to defendants' motion to dismiss;

- communicating with Lavian and his attorney in the related dissolution proceeding; and

- attending court conferences relating to the above.

The specific services are set forth in detail in the daily time records ordered into evidence as Ex. 5. The disbursements are established by Exs. 6 through 16. Thus, Lavian having made an agreement, and counsel having proven that the services were performed and the disbursements incurred, this Court may and should fix the fees in the amounts billed (see Shaw, Licitra, Eisenberg, Esernio and Schwartz, P.C. v Gelb, 221 AD2d 331 [2d Dept 1995] [time records, properly admitted into evidence pursuant to the business records exception to the hearsay rule, are sufficient to support a judgment]).

Moreover, it is well-settled that "an account stated may be established between an attorney and his client" (Parker, Chapin, Flattau and Klimpl v Daelen Corp., 59 AD2d 375 [1st Dept 1977]). Here, the bills were received, retained without objection and, in fact, partially paid. By his silence and partial payments, Lavian has expressed his agreement that the bills were correct (Coudert Bros. v Finalco Group, Inc., 176 AD2d 622 [1st Dept 1991]). On this independent basis, counsel is entitled to the fees in the amounts billed (Glazer v Falberg, 85 AD2d 938 [1st Dept 1981]) (no showing "that defendant ever protested the agreement or plaintiff's performance as a lawyer prior to the institution of this suit; nor was there objection to the monthly statements and final summary and bill").

6

- drafting an application to Referee Solomkin, as directed by the Court, seeking rulings concerning defendants' counsel's objections at the Darvish deposition;

- preparing papers in opposition to defendants' motion to dismiss;

- communicating with Lavian and his attorney in the related dissolution proceeding; and

- attending court conferences relating to the above.

The specific services are set forth in detail in the daily time records ordered into evidence as Ex. 5. The disbursements are established by Exs. 6 through 16. Thus, Lavian having made an agreement, and counsel having proven that the services were performed and the disbursements incurred, this Court may and should fix the fees in the amounts billed (see Shaw, Licitra, Eisenberg, Esernio and Schwartz, P.C. v Gelb, 221 AD2d 331 [2d Dept 1995] [time records, properly admitted into evidence pursuant to the business records exception to the hearsay rule, are sufficient to support a judgment]).

Moreover, it is well-settled that "an account stated may be established between an attorney and his client" ( Parker, Chapin, Flattau and Klimpl v Daelen Corp., 59 AD2d 375 [1st Dept 1977]). Here, the bills were received, retained without objection and, in fact, partially paid. By his silence and partial payments, Lavian has expressed his agreement that the bills were correct (Coudert Bros. v Finalco Group, Inc., 176 AD2d 622 [1st Dept 1991]). On this independent basis, counsel is entitled to the fees in the amounts billed (Glazer v Falberg, 85 AD2d 938 [1st Dept 1981]) (no showing "that defendant ever protested the agreement or plaintiff's performance as a lawyer prior to the institution of this suit; nor was there objection to the monthly statements and final summary and bill").

Lavian opposes Tokayer's application for a charging lien on the ground that the latter failed to exercise reasonable care and skill in the performance of his professional duties. However, based on the credible evidence, I find that the conduct of Tokayer did not fall "below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession" (Morrison Cohen Singer & Weinstein v Zuker, 203 AD2d 119 [1st Dept 1994]).

Lavian now complains, inter alia, that Tokayer failed to perform satisfactorily at the deposition of his adversary, Mr. Darvish; and that Tokayer failed to defend him adequately before Justice Cahn concerning an incident wherein sanctions were sought against Lavian for bringing a small tape recorder to a deposition and leaving it on, during a recess, while his adversary, Darvish, was conferring with his counsel, Perry Freedman, Esq. As a result of the oral argument on Darvish's counsel's motion, Justice Cahn, finding the conduct to be outrageous, exercised his discretion and barred Lavian from sitting in on further depositions. In effect, Lavian seeks to reargue Justice Cahn's decision, which is beyond the authority of the Special Referee. However, to the extent that Lavian complains that his counsel failed to defend him zealously, there is no merit to that contention. The documentary and credible testimony clearly establishes that Tokayer vigorously opposed the motion. I found Tokayer's testimony to be credible. I found Lavian's testimony not to be credible.

It appears that Tokayer's deposition of Darvish was interrupted and disrupted by many objections by Freedman, and, consequently, it became necessary to go to court for rulings, which Justice Cahn assigned to a Special Master, David Solomkin, Esq. However, it appears that information was obtained, the agreement governing the parties' business relationship was explored, admissions concerning monies invested by Lavian were obtained, Darvish's outside

7

businesses were explored, exhibits were marked, documents were authenticated, and computer records were identified..

By Order to Show Cause dated September 8, 2004, Lavian sought discovery sanctions against Darvish. By Order to Show Cause dated October 12, 2004, Darvish retaliated and sought sanctions against Lavian. By Stipulation dated December 29, 2004 (Ex. 28), both sides withdrew their respective sanctions motions. To the extent that Lavian now claims it was collusive, this argument is meritless. To the extent that he objects to having to pay for a motion which was withdrawn, it was not unreasonable for the motions to have been made and withdrawn, and was a reasonable tactical decision by counsel (which Lavian, who "micro managed" the case, and frequently second-guessed counsel, consented to).

Lavian also attempted to introduce evidence of a grievance filed - and later withdrawn - by Darvish's attorney, Freedman (Ct. Ex. I) against Tokayer concerning Lavian's surreptitious tape recording of communications between Freedman and his client, Darvish. I disallowed any such evidence and/or testimony as being absolutely confidential (Judiciary Law § 90 [10]).

Petitioner is entitled to a charging lien.

Judiciary Law Section 475 provides:

§ 475. Attorney's lien in action, special or other proceeding.

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or

8

determination. The court upon the petition of the client or attorney may determine and enforce the lien.

A charging lien does not depend upon possession but rather upon the existence of identifiable proceeds of the litigation (Kaplan v Reuss, 113 AD2d 184 [2d Dept 1985], affd 68 NY2d 693 [1986]). A charging lien may be enforced against third parties who have taken the proceeds with knowledge, and may be enforced even when the proceeds have passed into the possession of the client or a third party with knowledge (ibid., 113 AD2d, at 187).

The attorney may collect out of funds or property he obtains on behalf of his client on the theory that it is the "attorney who has created the fund out of which he is paid by his efforts." (Insurance Corp. of Hanover, Inc. v Latino Americana de Reaseguros, S.A., 868 F. Supp. 520, 527 [SDNY 1994]; Goldstein, Goldman, Kessler & Underberg v 4000 East River Road Assocs., 64 AD2d 484, 409 NYS2d 886, 887 [4th Dept. 1978], affd, 48 NY2d 890, 424 NYS2d 896 [1979]).

## CONCLUSION

Tokayer is entitled to assert a charging lien against Lavian in the sum of **$24,909.56**, together with pre-judgment interest at the statutory rate of 9% per annum (CPLR 5004) from March 1, 2005 (see Rachmani Corp. v Sims, 268 AD2d 342 [1st Dept 2000]). To the extent that Tokayer had indicated that he would also seek compensation for his time spent on establishing the amount of his charging lien, it should be denied, as that does not constitute a service performed on behalf of the client (Knapp v McFarland, 457 F2d 881, 888, cert denied 409 US 850 [1972]).

This constitutes the decision, report and recommendation of the Special Referee.

An appropriate motion should be made pursuant to CPLR 4403.

9

9

Dated: April 13, 2007

Respectfully Submitted,

Howard G. Leventhal, Special Referee



FILED

APR 16 2007

NEW YORK
COUNTY CLERK'S OFFICE

10

10

# EXHIBIT F



# New York State Unified Court System



## *WebCivil Supreme - Case Detail*

Court:                          **New York Civil Supreme**
Index Number:                   **123089/2001**
Case Name:                      **DARVISH, SOHEIL vs. HASLACHA**
Case Type:                      **Other Special Proceedings**
Track:                          **Standard**
Upstate RJI Number:
Disposition Date:
Date NOI Due:
NOI Filed:
Disposition Deadline:
Calendar Number:
RJI Filed:                      **12/11/2001**
Jury Status:
Justice Name:                   **CAHN, HERMAN**

Attorney/Firm For Plaintiff:
**JERRY I. LEFKOWITZ, ESQ.**          Attorney Type: **Attorney Of Record**        Status: **Active**
**FIVE STANLEY PLACE**
**HAUPPAUGE, NEW YORK 11788**
**1-631 979-8585**

**PERRY DEAN FREEDMAN**               Attorney Type: **Attorney Of Record**        Status: **Active**
**TEN BANK STREET SUITE 650**
**WHITE PLAINS, NY 10606**
**914 289 0040**

Attorney/Firm For Defendant:
**BARRY R. FEERST, P.C.**             Attorney Type: **Attorney Of Record**        Status: **Active**
**236 BROADWAY**
**BROOKLYN, NEW YORK 11211**
**(718) 384-9111**

**JOSEPH & SMARGIASSI, LLC**     Attorney Type: **Attorney Of Record**     Status: **Active**
**2 RECTOR STREET, STE. 2104**
**NEW YORK, N.Y. 10006**
**(212) 625-9949**

[ Close ]   [ Show All Appearances ]   [ Show Motions ]   [ Show Decisions ]   [ Add to eTrack ]

# EXHIBIT G

 

New York State Unified Court Syste

# *WebCivil Supreme - Appearance Detail*

Court: **New York Civil Supreme**
Index Number: **105946/2002**
Case Name: **NYCTL 1998-1 TRUST vs. HASLACHA, INC.**
Case Type: **Foreclosure**
Track: **Expedited**

## Appearance Information:

| Appearance Date | Time | On For | Appearance Outcome | Justice / Part | Comme |
|---|---|---|---|---|---|
| 12/02/2003 | | Supreme Trial | Other Settlement (Pre-Note) | DE GRASSE, LELAND<br>IAS PART 25 | SETTLED |
| 07/07/2003 | | Supreme Trial | Referred To Jho/Ref To Hear | DE GRASSE, LELAND<br>IAS PRELIMINARY CONFERENCE 25 | 2:15 |
| 06/16/2003 | | Supreme Initial (first time on) | Prelim Conference Adjourned | DE GRASSE, LELAND<br>IAS PRELIMINARY CONFERENCE 25 | 2:15 |
| 01/13/2003 | | Motion | Submitted## | IAS MOTION 25 | |
| 01/13/2003 | | Motion | Submitted## | IAS MOTION 25 | |
| 12/23/2002 | | Motion | Adjourned | IAS MOTION 25 | |
| 12/23/2002 | | Motion | Adjourned | IAS MOTION 25 | 9:30AM O |
| 12/16/2002 | | Motion | Adjourned | DE GRASSE, LELAND<br>IAS MOTION 25 | 9:30AM O |
| 10/29/2002 | | Motion | Adjourned | DE GRASSE, LELAND<br>ALL PAPERS LIST | |
| 10/15/2002 | | Motion | Adjourned | DE GRASSE, LELAND<br>SUBMISSIONS PART | |
| 10/01/2002 | | Motion | Adjourned | DE GRASSE, LELAND<br>SUBMISSIONS PART | |
| 09/06/2002 | | Motion | Adjourned | DE GRASSE, LELAND<br>SUBMISSIONS PART | |
| 08/02/2002 | | Motion | Adjourned | DE GRASSE, LELAND<br>MOTION PART | |

Close