```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHAHRAM DAVID LAVIAN,                          :

                Plaintiff,                     :       08 Civ. 938 (PAC) (GWG)

        -v.-                                   :       REPORT AND
                                                       RECOMMENDATION
IRA DANIEL TOKAYER, ESQ.,                      :

                Defendant.                     :

---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The pro se plaintiff in this matter, Shahram David Lavian, has sued Ira Daniel Tokayer, Esq. for legal malpractice. Tokayer has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), principally on statute of limitations and collateral estoppel grounds.[1] Lavian has not opposed the motion. For the reasons stated below, Tokayer's motion to dismiss should be granted.

I.      FACTS ALLEGED IN THE COMPLAINT

The allegations in the complaint are assumed to be true for the purposes of this motion.

Tokayer was Lavian's attorney from "about 2001 or 2002 to about March 2005," and represented Lavian in multiple related cases in New York courts. See Complaint, filed Jan. 28,

---

[1] See Notice of Motion and Affidavit of Andrew S. Kowlowitz, Esq., filed July 29, 2008 (Docket # 14) ("Kowlowitz Aff."); Memorandum of Law in Support of Ira Daniel Tokayer, Esq.'s Motion to Dismiss Complaint, filed July 29, 2008 (Docket # 15) ("Def. Mem."); Reply Memorandum of Law in Support of Ira Daniel Tokayer, Esq.'s Motion to Dismiss Complaint, dated Jan. 13, 2009; Reply Affidavit of Andrew S. Kowlowitz, Esq., dated Jan. 13, 2009 ("Reply Kowlowitz Aff.").

2008 (Docket # 1) ("Compl."), at 3A.[2]  In the course of that representation, Tokayer "failed to properly conduct discovery [and] take the depositions he needed to." Id. ¶ III.C.  Tokayer "neglected his obligations towards [Lavian] and made decisions that were counter productive [sic] to [his] interest," including the decision to drop a malpractice lawsuit against Lavian's former attorney, Jack Bleier.  Id. at 3A.

In the cases Darvish v. Lavian, Index No. 9056/01, Darvish v. Haslacha, Index No. 123089/01, and Lavian v. Darvish, Index No. 115301/01, Tokayer failed to defend Lavian against counterclaims asserted by the adverse parties, id. at 3A, and a "complete order of preclusion" was issued against Lavian as a result, id.  In the case of City of New York v. Haslacha, Index No. 105946/01, Tokayer failed to obtain legal fees, "agreed to a minimal reimbursement of the legal fees," and "failed to bring counterclaims against the fraudulent application of the petitioner."  Id. at 3A.  In 2004 and 2005, Tokayer "misrepresented facts to the court to serve his personal interests." Id. at 3B.

Subject matter jurisdiction is predicated on diversity of citizenship.  Id. ¶ II.A.  Lavian is alleged to be a citizen of California and Tokayer is alleged to be a citizen of New York.  Id. ¶ II.C.  Lavian asserts that he seeks "at minimum two million dollars" in damages.  Id. ¶ V.

II.     STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

A party may move for judgment pursuant to Fed. R. Civ. P. 12(b)(6) where the opposing party has "fail[ed] to state a claim upon which relief can be granted."  Separately, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the

---

[2] Pages "3A" and "3B" refer to the two unnumbered pages between pages 3 and 4 of the complaint.

pleader is entitled to relief." Under this rule, a complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002)). When considering motions to dismiss the claims of a plaintiff proceeding pro se, pleadings are construed liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations, internal quotation marks, and brackets omitted); see also 127 S. Ct. at 1966 (pleading must "possess enough heft to show that the pleader is entitled to relief") (citations, internal quotation marks, and brackets omitted). Thus, "a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citation omitted). As one case puts it, the factual allegations of a complaint must be sufficient to render the claim "plausible." Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (citing Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007)) (emphasis omitted).

On a motion to dismiss for failure to state a claim, all factual allegations in the complaint are accepted as true. See Swierkiewicz, 534 U.S. at 508 n.1. While a court normally examines only these allegations on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v.

Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted).  In addition, matters of public record, such as court filings, may also be considered.  See, e.g., Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

In this case, Tokayer has submitted a number of court records that bear on his defenses.  The relevant facts reflected in these records are discussed further below.

III.     DISCUSSION

Tokayer moves to dismiss the complaint on the grounds that: (1) Lavian's claims relating to Lavian v. Darvish, Index No. 115301/01, are barred by collateral estoppel, Def. Mem. at 7-9; (2) Lavian's claims relating to Darvish v. Lavian, Index No. 9056/01, and NYCTL 1998-1 Trust v. Haslacha, Inc., Index No. 105946/02, are barred by the statute of limitations, id. at 9-10; and (3) Tokayer did not represent Lavian in the matter of Darvish v. Haslacha, Index No. 123089/01, id. at 5, 9 n.1.

A.     Collateral Estoppel

A court may dismiss a claim on collateral estoppel grounds on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  See, e.g., Phifer ex rel. Phifer v. City of New York, 2003 WL 1878418, at *2-3 (S.D.N.Y. Apr. 15, 2003); Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993).  The court applies the rules of collateral estoppel "of the state in which the prior judgment was rendered," Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000) – here, New York.  Under New York law, collateral estoppel, or issue preclusion, applies where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 94 (2d Cir.

2005) (citations omitted) (alteration in original); accord City of New York v. Welsbach Elec. Corp., 9 N.Y.3d 124, 128 (2007) (Collateral estoppel doctrine applies "only if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.") (citation and internal quotation marks omitted). "[I]t is not necessary that the issue have been 'actually litigated' in the sense that evidence have been offered on the point." Richardson v. City of New York, 2004 WL 325631, at *2 (S.D.N.Y. Feb. 20, 2004). New York requires only that the issue "have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." Halyalkar v. Bd. of Regents, 72 N.Y.2d 261, 268 (1988). "The party asserting issue preclusion bears the burden of showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995) (citing Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 456 (1985)).

Court records reflect that on March 1, 2005, the Hon. Herman Cahn granted Tokayer's motion to be relieved as Lavian's counsel in the case of Lavian v. Darvish and for a charging lien to recover unpaid attorney's fees. See Transcript, dated Mar. 1, 2005 (annexed as Ex. D to Kowlowitz Aff.), at 2, 5. Justice Cahn referred Tokayer and Lavian to a Special Referee on the issue of "whether or not [Tokayer] has [a charging] lien, and if so, the amount thereof." Id. at 5-6.

The Special Referee conducted a five-day hearing, at which Lavian was represented by counsel. See Referee's Report, filed Apr. 16, 2007 (No. 115301/01) (annexed as Ex. E to

Kowlowitz Aff.) ("Referee Report"), at 1. At the hearing, Lavian opposed the application for a charging lien "on the ground that [Tokayer] failed to exercise reasonable care and skill in the performance of his professional duties." Id. at 7. The Special Referee found, "based on the credible evidence . . . that the conduct of Tokayer did not fall 'below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession,'" id. (citation omitted), and awarded Tokayer a charging lien in the amount of $24,909.56 for unpaid legal fees, id. at 9.

On December 8, 2008, Justice Cahn issued an order confirming the Referee Report and ordering that funds held in escrow be released to Tokayer in the amount of $24,909.56 plus interest. See Order, dated Dec. 8, 2008 (annexed as Ex. A to Reply Kowlowitz Aff.).

Under New York law, a claim of legal malpractice is "barred by the defendant attorney's successful prosecution of a prior action to recover fees for the same legal services that the plaintiff alleges were negligently performed." Afsharimehr v. Barer, 303 A.D.2d 432, 432 (2d Dep't 2003) (citing Pirog v. Ingber, 203 A.D.2d 348, 348-49 (2d Dep't 1994)). A judicial determination of the value of an attorney's services "necessarily determine[s] that there was no malpractice." Wallenstein v. Cohen, 45 A.D.3d 674, 675 (2d Dep't 2007), lv. denied, 10 N.Y.3d 711 (2008); accord Altamore v. Friedman, 193 A.D.2d 240, 246 (2d Dep't 1993) (listing cases), lv. denied, 83 N.Y.2d 906 (1994).

Here, not only was there a judicial determination in Lavian v. Darvish fixing the value of Tokayer's services but that ruling explicitly rejected Lavian's claims of malpractice. See Referee Report at 7. The judgment became final when Justice Cahn adopted the Referee Report on December 8, 2008. See Order, dated Dec. 8, 2008 (annexed as Ex. A to Reply Kowlowitz

Aff.). Thus, the question of Tokayer's alleged malpractice was adversely decided by a valid and final judgment to which Lavian was a party, and collateral estoppel prevents him from relitigating it here.[3]

B.   Statute of Limitations

Tokayer seeks dismissal of the claims relating to Darvish v. Lavian and NYCTL 1998-1 Trust v. Haslacha, Inc. on statute of limitations grounds. See Def. Mem. at 9-10. The Second Circuit has held:

> Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . .

Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) (citations omitted); accord Francis v. Blaikie Group, 372 F. Supp. 2d 741, 743 n.2 (S.D.N.Y. 2005) ("Defenses based on statutes of limitations are properly brought under Rule 12(b)(6) as motions to dismiss for failure to state a claim on which relief can be granted.") (citation omitted), aff'd, 177 Fed. Appx. 121 (2d Cir. 2006).

Under New York law, a claim for legal malpractice must be brought within three years of accrual. N.Y. C.P.L.R. 214(6). A claim for legal malpractice accrues when the malpractice is committed, not when it is discovered. Shumsky v. Eisenstein, 96 N.Y.2d 164, 166 (2001). Because Lavian filed this action on January 28, 2008, any violation that occurred prior to

---

[3] Lavian's complaint states without elaboration that Tokayer "dropped a malpractice lawsuit against a Mr. Jack Bleier, Esq. against [Lavian's] wishes [and] failed to bring it again as he had promised." Compl. at 3A. Bleier was apparently one of the attorneys for the Darvishes. Id. ¶ III.C. In the absence of any other detail regarding this claim, there is no reason to believe that the conduct complained of was not covered by the adverse state court judgment.

January 28, 2005 is time-barred.

Court records reflect that the case <u>Darvish v. Lavian</u> was dismissed on September 13, 2001, and reconsideration was denied on January 23, 2002.  <u>See</u> Motion Detail, Index No. 9056/01 (annexed as Ex. B to Kowlowitz Aff.); Case Detail, Index No. 9056/01 (annexed as Ex. B to Kowlowitz Aff.).  The case of <u>NYCTL 1998-1 Trust v. Haslacha, Inc.</u> settled on December 2, 2003.  <u>See</u> Appearance Detail, Index No. 105946/02 (annexed as Ex. G to Kowlowitz Aff.).  Because both of these cases were concluded prior to January 28, 2005, the statute of limitations bars any claims for malpractice based on Tokayer's representation of Lavian during the pendency of the cases.

      C.     <u>Tokayer's Role in Darvish v. Haslacha</u>

Tokayer asserts that he was never retained to represent Lavian in <u>Darvish v. Haslacha</u>.  <u>See</u> Def. Mem. at 5, 9 n.1.  In support of this assertion, Tokayer submits a printout from the New York State Unified Court System showing that he was not the attorney of record.  <u>See</u> Case Detail, Index No. 123089/01 (annexed as Ex. F to Kowlowitz Aff.) (attorneys of record are Jerry I. Lefkowitz, Esq., Perry Dean Freedman, Barry R. Feerst, P.C., and Joseph & Smargiassi, LLC).

Lavian was given notice that he was required to submit admissible evidence if he wished to controvert the factual matters raised by Tokayer in support of his motion to dismiss.  <u>See</u> Order, filed Dec. 15, 2008 (Docket # 18) (notifying Lavian that he "must submit evidence . . . countering the facts asserted by the defendant" and must do so by means of sworn affidavits or other evidence pursuant to Fed. R. Civ. P. 56(e)).  Fed. R. Civ. P. 12(d) specifically contemplates that a motion to dismiss may be treated as one for summary judgment under Fed. R. Civ. P. 56 where matters outside the pleadings are considered.

In response to this directive, Lavian submitted no evidence at all.  Thus Tokayer's assertion that he did not represent Lavian in <u>Darvish v. Haslacha</u> is uncontroverted.  In the absence of Tokayer's representation of Lavian, Lavian cannot state a claim for malpractice against him.  <u>See</u>, <u>e.g.</u>, <u>Smith v. Cohen</u>, 24 A.D.3d 183, 183 (1st Dep't 2005) (summary judgment appropriate where plaintiff failed to produce retainer agreement to rebut defendant's assertion that he never represented plaintiff); <u>Tawil v. Wasser</u>, 21 A.D.3d 948 (2d Dep't 2005) (malpractice case dismissed where attorney did not represent plaintiffs in connection with the transaction sued upon).

IV.  <u>CONCLUSION</u>

For the foregoing reasons, Tokayer's motion to dismiss (Docket # 14) should be granted and the complaint should be dismissed.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections.  <u>See</u> also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Crotty.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

9

Dated: January 27, 2009
       New York, New York

                                                _____
                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copies sent to:

Shahram David Lavian
10450 Wilshire Blvd., Apt. 1A
Los Angeles, CA  90024

Andrew S. Kowlowitz
Furman Kornfeld & Brennan LLP
545 Fifth Avenue, Suite 401
New York, NY  10017

Dated: January 27, 2009
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Shahram David Lavian
10450 Wilshire Blvd., Apt. 1A
Los Angeles, CA  90024

Andrew S. Kowlowitz
Furman Kornfeld & Brennan LLP
545 Fifth Avenue, Suite 401
New York, NY  10017

10